IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00001-MR

| | |
|---|---|
| HALIE BESAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before this Court on Plaintiff's appeal of the decision of the Commissioner denying her social security benefits. The parties have fully briefed the issues. [Docs. 7, 9].

**I. PROCEDURAL HISTORY**

On October 5, 2018, Halie Besaw ("Plaintiff") filed an application for a period of disability benefits under Title II of the Social Security Act (the "Act"). [Transcript ("T.") at 128]. On that same date, she also filed an application for a period of Title XVI supplemental security income. [Id.]. She alleged an onset date of May 26, 2012, in both applications. [Id.]. Plaintiff's claims were initially denied on February 15, 2019, and again denied upon reconsideration on August 26, 2019. [Id.]. On Plaintiff's request, a hearing was held on July

24, 2020, before an Administrative Law Judge ("ALJ"). [Id.]. On January 14, 2021, the ALJ issued a written decision denying Plaintiff benefits. [Id. at 138]. On June 2, 2021, the Appeals Council granted Plaintiff's request for review, vacating the ALJ's decision and remanding the case to the ALJ. [Id. at 145].

On March 3, 2022, another hearing was held before an ALJ. [Id. at 13]. On March 17, 2022, the ALJ issued a decision unfavorable to Plaintiff, finding she was not disabled within the meaning of the Act from her alleged onset date through the date of the decision. [Id. at 28]. As such, the ALJ denied Plaintiff's claims for benefits. [Id.]. On October 31, 2022, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final of the Commissioner. [Id. at 1]. Plaintiff has exhausted all available administrative remedies and this case is now ripe for review pursuant to 42 U.S.C. 405(g).

## II. STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to

2

Case 1:23-cv-00001-MR    Document 11    Filed 12/06/23    Page 2 of 12

uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin,

3

826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. § 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education, or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

On remand, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date, May 26, 2012. [T. at 15]. At step two, the ALJ found that from her alleged onset date Plaintiff had suffered from severe impairments, including type I diabetes mellitus,

gastroparesis, irritable bowel syndrome, bacterial overgrowth, and hypothyroidism. [Id. at 16]. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listings. [Id. at 19]. The ALJ then assessed Plaintiff's RFC, finding that Plaintiff had the ability to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), "except she can frequently climb ramps, stairs, ladders, ropes and scaffolds. She can have occasional exposure to workplace hazards such as working at unprotected heights and working around moving mechanical parts." [Id.].

At step four, the ALJ determined that Plaintiff had no past relevant work experience. [Id. at 27]. At step five, the ALJ found, based on the testimony of a vocational expert ("VE"), that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including: clerical assistant, storage facility rental clerk, and mail clerk non-postal. [Id. at 27-28]. As such, the ALJ concluded that Plaintiff was not disabled between her alleged onset date and the date of his decision. [Id. at 28].

## V. DISCUSSION[1]

In her sole assignment of error, Plaintiff argues that the "ALJ erred by failing to adequately account for [her] gastrointestinal symptoms in the RFC determination." [Doc. 7 at 3]. Plaintiff argues that the ALJ should have included limitations in her RFC accounting for her need to frequently use the restroom and for her frequent absenteeism. [Id. at 4].

Social Security Ruling 96-8p explains how adjudicators should assess a claimant's RFC, instructing that the "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[2] SSR 96-8p; see also Mascio, 780 F.3d at 636 (finding that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the

---

[1] Rather than set forth a separate summary of the facts in this case, this Court has incorporated the relevant facts into its legal analysis.

[2] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

In formulating the RFC, an ALJ is required to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p. More specifically, rule 96-8p provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

[Id.]. "Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." [Id.].

Here, Plaintiff's RFC does not include any limitation regarding her use of the restroom or her absenteeism. While concluding that Plaintiff's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms[,]" the ALJ found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence [of] record." [T. at 21]. Specifically, the ALJ found that while Plaintiff's

9

"gastrointestinal issues may cause occasional interference with her ability to perform work functions, . . . the record does not suggest that they would cause greater work-related functions on a sustained basis such that she would need breaks outside of those normally allowed, especially if she were compliant with treatment." [Id. at 24 (sic)].

While the ALJ recites some medical evidence of record to support this conclusion, he provides no meaningful analysis. Specifically, the ALJ never explains how he determined that Plaintiff's statements about her symptoms were inconsistent with any of the evidence of record. Thus, this Court can do little more than guess as to how the ALJ arrived upon his conclusion that the evidence of record undermines Plaintiff's claims regarding the severity and intensity of her symptoms. Mascio, 780 F.3d at 637. Moreover, while the ALJ concluded that Plaintiff's symptoms were exaggerated, he does not explain how he reconciled that conclusion with the evidence of record that supports Plaintiff's contention regarding the severity of her gastrointestinal symptoms, such as evidence that Plaintiff vomited and had diarrhea for hours three to four times a month; that she frequently had to use the restroom up to ten times per day; that she missed work because of these symptoms; and that she repeatedly sought medical treatment. [Id. at 45, 49, 53, 364, 372, 493-94, 537, 564, 566, 584, 608, 641, 893-94].

To the extent the ALJ relied on Plaintiff's failure to comply with treatment to support discounting her symptoms, and thereby refusing to make allowances for her gastrointestinal symptoms in her RFC, this reliance is misplaced. The Administration's own ruling provides: "We will not find an individual's symptoms inconsistent with the evidence in the record . . . without considering possible reasons he or she may not comply with treatment or seek treatment . . . ." SSR 16-3p. Here, the ALJ's decision entirely fails to explain why Plaintiff did not comply with treatment in the past. Therefore, the mere fact that Plaintiff did not comply with treatment in the past does not support the ALJ's determination that the claimed severity of her symptoms were inconsistent with the medical evidence of record. Indeed, there is some evidence that Plaintiff declined to take certain medication for fear of harmful side-effects, [Doc. 7 at 5; T. at 717], which the Administration recognizes as a legitimate reason for not complying with treatment. See SSR 16-3p.

Therefore, this Court cannot find that the ALJ built the necessary accurate and logical bridge between the evidence Plaintiff presented about her impairments and her RFC. See Monroe, 826 F.3d at 189. "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports [his] decisions, and the only recourse is to remand the matter for additional

11

investigation and explanations." Mills, 2017 WL 957542, at *4 (citation omitted).

## VI. CONCLUSION

As this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ should explain how he considered the evidence of record in discounting the severity and persistence of Plaintiff's gastrointestinal symptoms, as well as explain how he took these symptoms into account in formulating Plaintiff's RFC. The ALJ should also explain how he reconciled the evidence of record with his conclusions.

## ORDER

**IT IS, THEREFORE, ORDERED** that, pursuant to the power of this Court to enter judgment affirming, modifying, or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: December 5, 2023

Martin Reidinger
Chief United States District Judge